IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALARMAX DISTRIBUTORS, INC., | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 14-1527 |
| vs. | ) | Judge David Stewart Cercone/ |
| | ) | Chief Magistrate Judge Maureen P. Kelly |
| | ) | |
| HONEYWELL INTERNATIONAL INC., | ) | Re: ECF No. 52 |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff, AlarMax Distributors, Inc. ("AlarMax") initiated this action on November 6, 2014, alleging that Defendant Honeywell International, Inc. ("Honeywell") has been engaging in anticompetitive behavior, in part, by overcharging AlarMax for Honeywell electronic fire products and by forcing other vendors to provide exclusive lower pricing and more favorable terms and conditions to Honeywell's wholesale distribution faction, ADI Global Distribution ("ADI"), than it provides to AlarMax. AlarMax contends that Honeywell's actions are in breach of the Settlement and Supply Agreements entered into between the parties on September 20, 2004, and that they violate the Clayton Act, as amended by the Robinson-Patman Act, 15 U.S.C. § 13.

Presently before the Court is AlarMax's Motion to Compel Defendant's Full and Complete Responses to Discovery Requests, ECF No. 52, in which AlarMax complains that the responses Honeywell has provided to AlarMax's discovery requests are deficient. In particular, AlarMax objects to Honeywell's decision to: (1) limit its production of documents relative to any vendors and/or vendor agreements entered into by ADI regarding the purchase and sale of electronic fire and security products to only ADI's "current existing contracts" with the vendors specifically identified by AlarMax in the Complaint; (2) produce only those documents reflecting

Honeywell's sales of electronic fire products to ADI and no other distributors; (3) limit its production of documents showing the current terms and conditions of purchases by ADI from vendors to only a sample set of vendors and electronic fire and security products; and (4) limit the scope of Honeywell's responses to the last three years (2012-2015). AlarMax also complains that Honeywell has failed to produce documents or a list of vendors that have sold electronic fire and security products to ADI during the last three years despite Honeywell's agreement that it would do so. ECF No. 52, ¶¶ 13-18.

In response, Honeywell has filed an Opposition to Plaintiff's Motion to Compel along with a Declaration of Alison L. MacGregor, in which Honeywell argues that AlarMax has not shown good cause to justify the production of eleven years of material concerning nearly 300 ADI vendors and possibly thousands of products, and that such requests are overly burdensome. ECF Nos. 55. Honeywell also notes that it has produced all of the documents that it can pending the outcome of its appeal of the undersigned's Order denying Honeywell's request for a protective order. See ECF Nos. 47-51, 59, 60. For the following reasons, AlarMax's Motion will be granted in part and denied in part.

The Federal Rules of Civil Procedure governing discovery provide, in pertinent part, as follows:

> **(1) *Scope in General.*** Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

> **(2)** *Limitations on Frequency and Extent.*
>
> \* \* \*
>
> (C) When Required. On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(1) and (2)(C). Federal Courts have broad discretion in managing discovery. Alexander v. Roadway Express, Inc., 2009 WL 793022, at *2 (E.D. Pa. Mar. 24, 2009), *citing* Sempier v. Johnson, 45 F.3d 724, 734 (3d Cir. 1995). And while it is well recognized that the Federal Rules permit broad and liberal discovery, it is not without limits. Id., *citing* Pacitti v. Macy's, 193 F.3d 766, 777 (3d Cir. 1999); Huertas v. Beard, 2012 WL 3096430, at *2 (W.D. Pa. July 30, 2012). "Discovery will not be permitted where the request is made in bad faith, is unduly burdensome, is irrelevant to the subject matter at hand, or relates to confidential or privileged information." Id. The party objecting to discovery has the burden of demonstrating in specific terms why a particular discovery request is improper. Id. The objecting party must show that the requested materials do not fall "within the broad scope of relevance . . . or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure. . . ." Id., *quoting* Bailey v. McMahon, 2012 WL 1246147, at *5 (M.D. Pa. April 12, 2012). See Alexander v. Roadway Express, Inc., 2009 WL 793022, at *2, *citing* Josephs v. Harris Corp.,

3

677 F.2d 985, 992 (3d Cir. 1982) ("the party asserting that the [discovery] request is irrelevant or unduly burdensome must show specifically how the request is burdensome, oppressive or irrelevant").

Applying these principles to the claims and discovery requests at issue in this case, and after careful consideration of AlarMax's Motion to Compel and supporting brief and Honeywell's Opposition thereto, the Court finds the following:

(1) that, given the allegations in the Complaint and the four year statute of limitations applicable to AlarMax's claims, the production of documents and/or information going back eleven years is overly broad, and that the relevant time period is properly limited to four years prior to the Complaint being filed -- or from November 6, 2010 -- to the present;

(2) that any and all ADI vendor agreements that were in effect during the relevant time period and/or are currently in effect, and all documents and information relating to those vendor agreements, are relevant to AlarMax's claims, see ECF No. 1, ¶ 73, and are properly produced;

(3) that documents and information relating to Honeywell's sales of electronic fire products to any distributor, including ADI, during the relevant time period are relevant to AlarMax's claims, see ECF No. 1, ¶ 73, and are properly produced; and

(4) that, to the extent that AlarMax has requested discovery into all electronic fire products purchased by ADI and/or sold by Honeywell, the request at this stage of the litigation appears to be overly broad and is properly limited to the top 200 products that AlarMax purchases. Accordingly, the following Order will be entered:

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALARMAX DISTRIBUTORS, INC., | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 14-1527 |
| vs. | ) | Judge David Stewart Cercone/ |
| | ) | Chief Magistrate Judge Maureen P. Kelly |
| | ) | |
| HONEYWELL INTERNATIONAL INC., | ) | Re: ECF No. 52 |
| Defendant. | ) | |

## ORDER

AND NOW, this 20th day of November, 2015, after careful consideration of AlarMax's Motion to Compel and supporting brief and Honeywell's Opposition thereto, IT IS HEREBY ORDERED that:

(1) the scope of Honeywell's discovery responses shall be limited in time to the four years prior to the Complaint being filed -- or from November 6, 2010 -- to the present;

(2) Honeywell shall produce any and all vendor agreements entered into by ADI having to do with the purchase and sale of electronic fire and security products that were in existence during the relevant time period and any related documents and/or information as requested in AlarMax's Requests for Production of Documents Nos. 1, 2, 5, 7, and 8 and Interrogatories No. 3 and 5;

(3) Honeywell shall produce documents reflecting Honeywell's sales of electronic fire products to any and all distributors, including ADI, as requested in AlarMax's Requests for Production of Documents Nos. 3, 4, 6, and 10 and Interrogatories No. 2, 4, and 6; and

(4) Honeywell shall produce information relative to the top 200 products that AlarMax purchases with the reservation that AlarMax may seek reconsideration after production is made.

IT IS FURTHER ORDERED that Honeywell shall be prepared to make production in accordance with this Order within fourteen days of Judge Cercone's ruling on Honeywell's appeal of this Court's Order denying Honeywell's Motion for Protective Order.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order.  Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.  Failure to file a timely appeal will constitute a waiver of any appellate rights.

                          BY THE COURT:

                          <u>/s/ Maureen P. Kelly</u>
                          MAUREEN P. KELLY
                          CHIEF UNITED STATES MAGISTRATE JUDGE

cc:     The Honorable David Stewart Cercone
       United States District Judge

       All Counsel of Record Via CM-ECF