IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALARMAX DISTRIBUTORS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 14-1527 |
| | ) | Judge David Stewart Cercone |
| v. | ) | Chief Magistrate Judge Maureen P. Kelly |
| | ) | |
| HONEYWELL INTERNATIONAL, INC., | ) | Re: ECF No. 222 |
| | ) | |
| Defendant. | ) | |

## ORDER

The instant Motion for Reconsideration arises from this Court's initial review of the third party subpoena of Para Systems, Inc.'s ("PSI" or "Para Systems") by AlarMax Distributors, Inc. ("AlarMax") and the related filings. By Order dated August 13, 2018, ECF No. 220, this Court found that substantial portions of the subpoena were violative of Federal Rule of Civil Procedure 45 because AlarMax sought information that was duplicative of documentation already produced by Honeywell in the instant case. Further, certain of AlarMax's requests were found to be substantially overbroad, particularly when considered that they were directed to PSI as a nonparty. The Court also found that AlarMax did not limit its requests to ADI-related and AlarMax-related business and/or products relevant to the pending litigation. The Court also took particular note of the 2015 amendments to Federal Rule of Civil Procedure 26(b)(1) as they related to the required considerations of proportionality and access to the parties to relevant information. Following this analysis, PSI's objections were sustained in part and overruled in part, and the Motion to Quash was

1

granted in part and denied in part. Id. PSI was ordered to produce documents responsive to Request Nos. 1, 4 and 7 by August 30, 2018. Id.

Presently before the Court is AlarMax's Motion for Reconsideration of Order on Para Systems, Inc.'s Motion to Quash as to Subpoena Request Nos. 2 & 5 (the "Motion"). ECF No. 222. AlarMax again seeks production of two categories of documents.

> All Documents, including e-mails and other Communications, referring to the Price (as defined above) and Net Price (as defined above) from ADI's purchase of Electronic Fire and Security Products from You. ECF No. 216-1, Request No. 2.

> All Documents, including emails and other Communications, referring to any difference in Price (as defined above) and Net Price (as defined above) that ADI receives from You in relation to other distributors of Electronic Fire and Security Products that make purchases from You. ECF No. 216-1, Request No. 5.

In opposition, PSI filed a Response to Plaintiff's Motion for Reconsideration. ECF No. 224. In response, Defendant Honeywell International, Inc. ("Honeywell") filed a Position Statement in opposition to the Motion for Reconsideration. ECF No. 226. The Court also gave each party the opportunity to address the pending Motion during a telephone status conference on August 30, 2018. ECF No. 233. The Court now considers the instant Motion, related filings and arguments.

In considering a motion for reconsideration, only three situations warrant the granting of reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the Court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 678 (3d Cir. 1999). The moving party has the burden of establishing one of these grounds. Blystone v. Horn, 664 F. 3d 397, 415 (3d Cir. 2011). The grant or denial of reconsideration lies within the sound

discretion of the district court.  N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995).  The scope of reconsideration is "extremely limited" and should not be used to relitigate the case.  Blystone, 664 F.3d at 415.

In the Motion for Reconsideration, AlarMax requests reconsideration "so as to permit third party discovery with respect to PSI internal and external communications regarding the Price and the Net Price ADI receives…" ECF No. 222 at 1.  The gist of AlarMax's argument is that, contrary to this Court's earlier findings and Order granting in part and denying in part PSI's Motion to Quash subpoena, Request Nos. 2 and 5 are not duplicative.  As such, AlarMax appears to be arguing that reconsideration should be granted to correct a clear error of law or fact.

In opposing the Motion for Reconsideration, PSI argues that the instant motion is an attempt by AlarMax to rewrite its discovery requests and limit the subpoena Requests "to internal communications and 'limited external communications.'" ECF No. 224 at 1.  PSI further argues that the two Requests are overbroad and seek irrelevant information.  As to Request No. 5, PSI argues that this Request is overly broad as AlarMax continues to seek documents relative to PSI and anyone with whom it does business, not just AlarMax.  Id. at 2.   In addition, PSI points out that relevant responsive documents have already been produced to AlarMax.  Id.

Defendant Honeywell in its Position Statement argues that AlarMax has not established any one of the three required grounds for reconsideration.  Honeywell argues that AlarMax merely re-argues its original positions in opposition to the Motion to Quash. ECF No. 226 at 1.  Honeywell states that AlarMax has received from Honeywell through discovery all of the transactional data showing the pricing terms of PSI sales to ADI during the relevant time period.  Id. at 2.

Request No. 2

3

In consideration of the initial Motion to Quash, this Court previously denied Request No. 2 on the general findings set forth in the original Order and as duplicative. ECF No. 220. In the context of these findings, the Court acknowledges, as noted by Honeywell in its Position Statement relative to the Motion for Reconsideration, that:

> With respect to Request No. 2, Honeywell has already produced (i) spreadsheets of data setting forth ADI's purchases of products from Para Systems, setting forth the purchase price for each purchase; (ii) cost deviation data (showing any special discounts) for Para Systems transactions occurring between November 2010 and December 2017; and (iii) marketing billings showing rebates and/or any other Incentives provided by Para Systems.

ECF No. 226 at 6. The 2011 vendor agreements between ADI and Para Systems have also been produced and provide substantial detail regarding the pricing terms of the product purchase transactions between ADI and Para Systems. Id. In addition, the transactional data produced by Honeywell reflects over 20,000 separate individual purchase transactions between ADI and Para Systems for the seven year time period at issue. Id.

In light of this production of this voluminous data and documentation, the Court again finds that it would be an unreasonable burden to require PSI as a nonparty to produce each and every email communication with Honeywell or ADI relative to each and every product purchase, numbering over 20,000 product purchases, between November 2010 and December 2017. The Court also finds that such production would be substantially duplicative of the voluminous pricing information already produced. Such burden would also be violative of the requirements of proportionality, as PSI is one of over a hundred third party vendors. Recognizing that the key issue in AlarMax's claim of unlawful price discrimination under the Robinson-Patman Act is pricing, the Court again finds that this critical pricing information and pricing adjustment information has been produced. To require

4

the additional production that AlarMax seeks is an unreasonable burden of a nonparty that is duplicative.

Request No. 5

As to Request No. 5, AlarMax continues to seek information that relates to nonparty PSI and anyone with whom it did business, including other distributors. As previously held by this Court, Request No. 5 seeks substantial information that is not relevant to the claims in this case, is extremely overbroad and is duplicative as it relates to PSI. As to Request No. 5, AlarMax generally repeats its prior argument in opposition to the initial Motion to Quash. No new argument is provided that warrants reconsideration. As such, the Motion for Reconsideration is denied as to Request No. 5.

For the reasons set forth herein, this Court finds that AlarMax has failed to meet its required burden of establishing one of the three requisite grounds for reconsideration of the Order of Court dated August 13, 2018. Accordingly, the Motion for Reconsideration, ECF No. 222, is DENIED.

Dated: September 10, 2018     BY THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE