IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ALARMAX DISTRIBUTORS, INC., | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Civil Action No. 14-1527 |
| | ) | Judge David Stewart Cercone |
| v. | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| HONEYWELL INTERNATIONAL, INC., | ) | Re: ECF No. 253 |
| | ) | |
| Defendant. | ) | |

## ORDER

Pending before the Court is a Motion to Compel the Production of Transactional Data filed by Plaintiff AlarMax Distributors, Inc. ("AlarMax"). ECF No. 253 (sealed document at ECF No. 259). Also before the Court are an Opposition to the Motion to Compel filed by Defendant Honeywell International, Inc. ("Honeywell"), ECF No. 261 (sealed document at ECF No. 266), a Reply filed by AlarMax, ECF No. 271 (sealed document at ECF No. 272), and a Sur-Reply filed by Honeywell, ECF No. 273 (sealed document at ECF No. 274).

In the Motion to Compel, AlarMax seeks the production of transactional data concerning non-contractual rebates received by ADI, without which, AlarMax claims, its expert cannot calculate the actual Net Price paid by Honeywell for Electronic Fire and Security Products. In opposition to the Motion to Compel, Honeywell argues that: (1) the Motion to Compel is untimely; (2) AlarMax has not shown the relevance of the requested data; (3) production of the requested discovery would be unduly burdensome and disproportionate to the needs of the case; (4) the data sought is unnecessary in light of already-produced discovery; and (5) AlarMax has failed to produce the type of data it seeks.

At the outset the Court notes that it has addressed a myriad of ongoing discovery disputes between these parties since the Fall of 2015. Throughout 2017 and 2018, the parties conducted multiple meet-and-confer conferences. This Court spent considerable time with counsel conducting numerous in-person and telephone discovery conferences regarding the scope of discovery and the scope and extent of transactional data to be exchanged. ECF Nos. 178 (May 31, 2017), 183 (July 18, 2017), 189 (October 16, 2017), 192 (January 31, 2018), 194 (February 15, 2018), 196 (March 6, 2018), 204 (April 18, 2018), 209 (June 4, 2018), 212 (June 27, 2018), 214 (July 23, 2018), and 233 (August 30, 2018). During these conferences, counsel either agreed on the scope and extent of transactional data to be exchanged or the Court ruled on what transactional data was required to be produced. In addition, at most of these discovery conferences, this Court had extensive discussions with counsel regarding the requirement of proportionality.

This Court has recently explained the considerations at issue when a motion to compel is filed after the close of discovery:

> Rule 16(b)(4) of the Federal Rules of Civil Procedure provides that scheduling orders, including those that govern the conduct of discovery, may be amended only for "good cause." Further, this Court is afforded wide discretion in managing its docket and discovery. Drippe v. Tobelinski, 604 F.3d 778, 783 (3d Cir. 2010). Given the procedural posture of this case, the nature of the damages sought, and the fact that [the plaintiff/movant] has long been on notice of [the defendant's] lack of insurance coverage, [the plaintiff/movant] faces significant obstacles in its effort to reopen discovery. Indeed, in another case, where discovery had been closed for years and trial was scheduled for less than two months away, the court denied a motion to compel discovery and observed:
>
>> Although Fed. R. Civ. P. 37 does not specify any time limit within which a Motion to Compel must be brought, courts have made it clear that a party seeking to compel discovery must do so in timely fashion. Buttler v. Benson, 193 F.R.D. 664, 666 (D. Colo. 2000) ("A party cannot ignore available discovery remedies for months and then, on the eve of trial, move the court for an order compelling production."). Once, as here, a party registers a timely objection to requested production, the initiative rests with the party seeking production to move for an order compelling

2

> it. Clinchfield R. Co. v. Lynch, 700 F.2d 126, 132 n. 10 (4th Cir. 1983). Failure to pursue a discovery remedy in timely fashion may constitute a waiver of discovery violations. DesRosiers v. Moran, 949 F.2d 15, 22 n. 8 (1st Cir. 1991). It is especially important that a party file its motion before discovery cutoff. American Motorists Insurance Co. v. General Host Corp., 162 F.R.D. 646, 647-48 (D. Kan. 1995).
>
> Haase v. Gov't of Virgin Islands, No. 2002-CV-0110, 2009 U.S. Dist. LEXIS 23155, 2009 WL 792808, at *1 (D. V.I. Mar. 23, 2009). This Court agrees with these sentiments.

EQT Prod. Co. v. Terra Servs., LLC, Civ. A. No. 14-1053, 2018 U.S. Dist. LEXIS 219364, at *5-6 (W.D. Pa. Aug. 13, 2018).

As to the timeliness of the instant Motion, the Court notes that discovery in this case closed in principal on September 1, 2018, almost seven months ago. ECF Nos. 213-214.[1] AlarMax's expert report was due on November 1, 2018. ECF No. 215. It was not until November 27, 2018, that AlarMax raised the subject issue concerning transactional data to Honeywell, ECF No. 260-54, and it was not until February 1, 2019, that this Motion was filed and AlarMax raised this issue with the Court.

AlarMax asserts that this Motion is timely because "it relied on Honeywell's representations that the necessary transactional data had been produced during discovery and only sought relief once Honeywell refused, on December 13, 2018, to rectify its failure to produce transactional data to determine ADI's Net Price." ECF No. 272 at 5 n.8. This argument fails to justify the untimeliness of this Motion. First, AlarMax asserts that it discovered the need for the subject data "with the aid of third-party vendor documents (produced prior to August 13, 2018))," ECF No. 253 ¶ 11. Then, AlarMax states that the need was not apparent "until AlarMax's expert was fully in the midst of his

---

[1] Limited discovery proceeded until September 18, 2018. ECF No. 230.

3

analysis," ECF No. 272 at 5. That expert analysis took place between August 9, 2018, when he was retained, and November 1, 2019, when his report was completed. ECF No 268-3 at 19-20.

Given the above-recited facts, the Court finds this Motion to be untimely. AlarMax had the documents that revealed the purported need for the requested discovery and had retained its expert before discovery closed.[2] Yet, AlarMax did not file this Motion until long after after the close of discovery.

Furthermore, having reviewed the parties' respective arguments as to the relevance of and need for the requested discovery, the Court finds no good cause to exercise its discretion to reopen discovery at this point in this litigation nor to reconsider its prior decisions as to the scope of transactional data to be produced.[3]

AND NOW, this 11[h] day of March, 2019, the Motion to Compel the Production of Transactional Data, ECF No. 253, is DENIED.

BY THE COURT:

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

---

[2] Nothing precluded AlarMax from retaining its expert earlier in this litigation to aid in the discovery process.
[3] The Court also notes the inconsistency in AlarMax's arguments in support of its Motion in that it seeks to compel additional transactional data that it did not produce to Honeywell.

4